UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISON

ANITA EIERSTOCK,
on behalf of herself, and on behalf of
all others similarly situated,

    Plaintiff,

v.                                                                                  Case No.:

DELTA AIR LINES, INC.,

    Defendant.
_____/

## CLASS ACTION COMPLAINT

Plaintiff, Anita Eierstock ("Plaintiff"), hereby files this Class Action Complaint alleging Delta Airlines, Inc. ("Defendant" or "Delta") violated the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA"), by failing to provide her, and the putative class members whom she seeks to represent, with a COBRA notice that complies with the law.

## INTRODUCTION

1. Despite having access to the Department of Labor's Model COBRA form, a copy of which is attached as Exhibit "A," Defendant chose not to use the model form— presumably to save Defendant money by pushing terminated employees away from electing COBRA.[1]

2. Put another way, instead of utilizing the DOL Model Notice and sending a single COBRA notice "written in a manner calculated to be understood by the average plan participant"

---

[1] In fact, according to one Congressional research service study, "…[The] average claim costs for COBRA beneficiaries exceeded the average claim for an active employee by 53%. The average annual health insurance cost per active employee was $7,190, and the COBRA cost was $10,988.14. The Spencer & Associates analysts contend that this indicates that the COBRA population is sicker than active-covered employees and that the 2% administrative fee allowed in the law is insufficient to offset the difference in actual claims costs." Health Insurance Continuation Coverage Under COBRA, Congressional Research Service, Janet Kinzer, July 11, 2013.

containing all required by law, to save money Defendant instead opted to break the information into multiple documents, mailed separately under different cover, containing bits and pieces of information on COBRA, which neither individually nor cumulatively contain all of the missing information. In fact, the DOL Model Notice was designed to avoid precisely the issues caused by Defendant confusing and piecemeal COBRA rights notification process.

3. The deficient COBRA notices at issue in this lawsuit both confused and misled Plaintiff. It also caused Plaintiff economic injuries in the form of lost health insurance and unpaid medical bills, as well as informational injuries.

4. Defendant, the plan sponsor and plan administrator of the Delta Airlines, Inc. Medical Premium Reimbursement Plan (the "Plan"), has repeatedly violated ERISA by failing to provide participants and beneficiaries in the Plan with adequate notice, as prescribed by COBRA, of their right to continue their health coverage upon the occurrence of a "qualifying event" as defined by the statute.

5. For example, Defendant's "Enrollment Worksheet," mailed on July 27, 2018 and attached as Exhibit "B," violates 29 C.F.R. § 2590.606-4(b)(4)(xii) because it fails to include basic information, like the address to which payments should be sent.

6. It also violates 29 C.F.R. § 2590.606-4(b)(4)(i) by failing to identify the name of the plan, Delta Airlines, Inc. Medical Premium Reimbursement Plan., and because it fails to identify the Plan name, and fails to identify the Plan Administrator, the "Administrative Committee of Delta Airlines, Inc."

7. Furthermore, Exhibit "B" violates 29 C.F.R. § 2590.606-4(b)(4)(vi) because it fails to provide all required explanatory information.

8. Because Exhibit "B" omits the above critical pieces of information, it collectively

violates 29 C.F.R. § 2590.606–4(b)(4), which requires the plan administrator of a group-health plan to provide a COBRA notice "written in a manner calculated to be understood by the average plan participant."

9. To compound the confusion, Defendant sent Plaintiff a second letter and third letter, attached as Exhibits "C" and "D," also on or around July 27, 2018, containing information on COBRA in a document labeled "Important Information: COBRA Continuation Coverage and Other Health Coverage Alternatives." The two documents were mailed under separate cover, only further adding to the confusion.

10. As a result of receiving the COBRA enrollment notice, and the subsequent letters attached as Exhibits "C" and "D," Plaintiff failed to understand the notice and, thus, Plaintiff could not make an informed decision about health insurance and lost health coverage.

11. Plaintiff suffered a tangible injury in the form of economic loss, specifically the loss of insurance coverage due to Defendant's deficient COBRA forms.

12. Health insurance is an important economic benefit employees derive from the employment relationship and has a monetary value, the loss of which is a tangible and an economic injury.

13. Health insurance also provides employees with an equally important non-economic benefit – access to healthcare. Relatedly, health insurance also gives employees a measure of control over their personal health, including wellness, preventive care and provider selection.

14. Pursuant to 29 C.F.R. § 2590.606-4(b)(4) and 29 U.S.C. § 1166(a), federal law requires COBRA notices to contain very specific information in an understandable format. Failure to provide a COBRA notice containing this statutorily-required information is an

informational injury.

15. As a result of these violations, which threaten Class Members' ability to maintain their health coverage, Plaintiff seeks statutory penalties, injunctive relief, attorneys' fees, costs and expenses, and other appropriate relief as set forth herein and provided by law.

## JURISDICTION AND VENUE

17. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 1132(e) and (f), and also pursuant to 28 U.S.C. §§ 1331 and 1355.

18. Venue is proper in this District pursuant to 29 U.S.C. § 1132(e)(2). Additionally, ERISA § 502(e)(2) provides that venue is proper "where the plan is administered, where the breach took place, or where a defendant resides or may be found." 29 U.S.C. § 1132(e)(2). Because the breach at issue took place in this District, venue is also proper.

## PARTIES

19. Plaintiff is a former employee of Defendant, and participant in the Delta Health Plan.

20. Plaintiff experienced a qualifying event within the meaning of 29 U.S.C. § 1163(2), rendering her a qualified beneficiary of the Plan pursuant to 29 U.S.C. § 1167(3).

21. Defendant is registered to do business in the State of Florida. Defendant employed more than 20 employees who were members of the Plan in each year from 2012 to 2018.

22. Defendant is the Plan sponsor within the meaning of 29 U.S.C. §1002(16)(B), and the administrator of the Plan within the meaning of 29 U.S.C. § 1002(16)(A). The Plan provides medical benefits to employees and their beneficiaries, and is an employee welfare benefit plan within the meaning of 29 U.S.C. § 1002(1) and a group health plan within the

meaning of 29 U.S.C. § 1167(1).

## COBRA NOTICE REQUIREMENTS

23. The COBRA amendments to ERISA included certain provisions relating to continuation of health coverage upon termination of employment or another "qualifying event" as defined by the statute.

24. Among other things, COBRA requires the plan sponsor of each group health plan normally employing more than 20 employees on a typical business day during the preceding year to provide "each qualified beneficiary who would lose coverage under the plan as a result of a qualifying event … to elect, within the election period, continuation coverage under the plan." 29 U.S.C. § 1161.

25. Notice is of enormous importance. The COBRA notification requirement exists because employees are not expected to know instinctively of their right to continue their healthcare coverage.

26. Moreover, existing case law makes it ostensibly clear that notice is not only required to be delivered to covered employees but to qualifying beneficiaries, as well.

27. COBRA further requires the administrator of such a group health plan to provide notice to any qualified beneficiary of their continuation of coverage rights under COBRA upon the occurrence of a qualifying event. 29 U.S.C. § 1166(a)(4).

28. This notice must be "[i]n accordance with the regulations prescribed by the Secretary" of Labor. 29 U.S.C. § 1166(a).

29. To facilitate compliance with notice obligations, the United States Department of Labor ("DOL") has issued a Model COBRA Continuation Coverage Election Notice ("Model Notice"), which is included in the Appendix to 29 C.F.R. § 2590.606-4. A copy of this Model

Notice is attached hereto as Exhibit "A."

30. In the event that a plan administrator declines to use the Model Notice and fails to meet the notice requirements of 29 U.S.C. § 1166 and 29 C.F.R. § 2590.606-4, the administrator is subject to statutory penalties of up to $110 per participant or beneficiary per day from the date of such failure. 29 U.S.C. § 1132(c)(1). In addition, the Court may order such other relief as it deems proper, including but not limited to injunctive relief pursuant to 29 U.S.C. § 1132(a)(3) and payment of attorneys' fees and expenses pursuant to 29 U.S.C. § 1132(g)(1). Such is the case here. Defendant failed to use the Model Notice and failed to meet the notice requirements of 29 U.S.C. § 1166 and 29 C.F.R. § 2590.606-4, as set forth below.

### *Defendant's Notice Is Inadequate and Fails to Comply with COBRA*

31. Defendant partially adhered to the Model Notice provided by the Secretary of Labor, but only to the extent that served Defendant's best interests, as critical parts are omitted or altered in violation of 29 C.F.R. § 2590.606-4. Among other things:

   a. **Exhibit "B" violates 29 C.F.R. § 2590.606-4(b)(4)(xii) because it fails to include basic information, like the address to which payments should be sent;**

   b. **Defendant's COBRA forms violate 29 C.F.R. § 2590.606-4(b)(4)(i) because they fail to identify the name of the plan under which continuation coverage is available, namely the "Delta Airlines, Inc. Medical Premium Reimbursement Plan";**

   c. **Defendant's COBRA forms violate 29 C.F.R. § 2590.606-4(b)(4)(i) because they fail to provide the name, address and telephone number of the party responsible under the plan for administration of continuation coverage benefits, namely the "Administrative Committee of Delta Airlines, Inc.";**

   d. **Defendant's COBRA forms violate 29 C.F.R. § 2590.606-4(b)(4)(vi) because it fails to provide all required explanatory information. For example, there is no explanation that a qualified beneficiary's decision whether to elect continuation coverage will affect the future rights of qualified beneficiaries to portability of group health coverage,**

6

> **guaranteed access to individual health coverage, and special enrollment under part 7 of title I of the Act; and, finally,**
>
> e. **Defendant's COBRA forms violate 29 C.F.R. § 2590.606-4(b)(4) because Defendant has failed to provide a notice written in a manner calculated to be understood by the average plan participant.**

32. Defendant's COBRA notices confused Plaintiff and resulted in her inability to make an informed decision as to electing COBRA continuation coverage. In fact, Plaintiff did not understand the notice and, further, Plaintiff was unable to elect COBRA because of the confusing and incomplete Defendant COBRA notice.

### *Facts Specific to Named Plaintiff Anita Eierstock*

33. Plaintiff Anita Eierstock is a former long-time employee of Defendant.

34. Plaintiff began her career working for Defendant in August, 2000. After 18 years, Plaintiff was abruptly and unexpectedly terminated in July, 2018, when she was fired for purported performance issues. Importantly, Plaintiff was not fired for gross misconduct.

35. Weeks before Plaintiff was terminated, Plaintiff was diagnosed with a serious health condition.

36. Plaintiff was a participant in Defendant's insurance Plan. Her husband, Frank J. Eierstock, was also covered by part of the plan, making him a Plan beneficiary.

37. As a result of her termination on July 26, 2018, Plaintiff Anita Eierstock experienced a qualifying event as defined by 29 U.S.C. § 1163(2).

38. Following this qualifying event, Defendant caused its COBRA Administrator, Conduent HR Services, LLC to mail her the deficient COBRA enrollment notice attached hereto as Exhibit "B." Also, Defendant caused Conduent HR Services, LLC to mailed Plaintiff the follow up COBRA forms attached as Exhibits "C" and "D."

39. The deficient COBRA notice that Plaintiff received was violative of COBRA's

7

mandates for the reasons set forth herein.

40. Defendant has in place no administrative remedies Plaintiff was required to exhaust prior to bringing suit.

41. Additionally, because no such administrative remedies exist, any attempt to exhaust the same would have been futile.

42. Plaintiff suffered a tangible injury in the form of economic loss, specifically the loss of insurance coverage, due to Defendant's deficient COBRA election notice.

43. Plaintiff lost her health insurance and suffered further injury when she was forced to forego immediate treatment because she had lost her health insurance due to Defendant's deficient COBRA notice.

44. Plaintiff and her husband also lost control over their personal health plan, and including provider selection.

45. Additionally, Plaintiff and her husband could not pro-actively manager their health, since they did not have health insurance.

46. Plaintiff also suffered injury in the form of stress and anxiety created by the loss of she and her husband's health insurance coverage.

47. Plaintiff suffered an informational injury as a result of Defendant's COBRA notice because she was never provided all information to which she was entitled by 29 C.F.R. § 2590.606-4(b).

## **RULE 23 ALLEGATIONS**

48. Plaintiff brings this action as a class action pursuant to the Federal Rules of Civil Procedure on behalf of the following persons:

> **All participants and beneficiaries in the Defendant's Health Plan who were sent a COBRA notice by Defendant, in the forms attached**

        **hereto, during the applicable statute of limitations period as a result of a qualifying event, as determined by Defendant's records, and did not elect continuation coverage**.

49. No administrative remedies exist as a prerequisite to Plaintiff's claims on behalf of the Putative Class. As such, any efforts related to exhausting such non-existent remedies would be futile.

50. <u>Numerosity</u>: The Class is so numerous that joinder of all Class members is impracticable. Upon information and belief thousands of individuals satisfy the definition of the Class.

51. <u>Typicality</u>: Plaintiff's claims are typical of the Class. The COBRA notice that Defendant sent to Plaintiff was a form notice that was uniformly provided to all Class members. As such, the COBRA notice that Plaintiff received were typical of the COBRA notices that other Class Members received and suffered from the same deficiencies.

52. <u>Adequacy:</u> Plaintiff will fairly and adequately protect the interests of the Class members, she has no interests antagonistic to the class, and has retained counsel experienced in complex class action litigation.

53. <u>Commonality:</u> Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class, including but not limited to:

    a. whether the Plan is a group health plan within the meaning of 29 U.S.C. § 1167(1);

    b. whether Defendant's COBRA notice complied with the requirements of 29 U.S.C. § 1166(a) and 29 C.F.R. § 2590.606-4;

    c. whether statutory penalties should be imposed against Defendant under 29

U.S.C. § 1132(c)(1) for failing to comply with COBRA notice requirements, and if so, in what amount;

d. the appropriateness and proper form of any injunctive relief or other equitable relief pursuant to 29 U.S.C. § 1132(a)(3); and

e. whether (and the extent to which) other relief should be granted based on Defendant's failure to comply with COBRA notice requirements.

54. Class Members do not have an interest in pursuing separate individual actions against Defendant, as the amount of each Class Member's individual claims is relatively small compared to the expense and burden of individual prosecution. Class certification also will obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning Defendant's practices and the adequacy of its COBRA notice. Moreover, management of this action as a class action will not present any likely difficulties. In the interests of justice and judicial efficiency, it would be desirable to concentrate the litigation of all Class Members' claims in a single action.

55. Plaintiff intends to send notice to all Class Members to the extent required the Federal Rules of Civil Procedure. The names and addresses of the Class Members are available from Defendant's records, as well as from Defendant's third-party administrator.

## **CLASS CLAIM I FOR RELIEF**

*Violation of 29 U.S.C. § 1166(a) and 29 C.F.R. § 2590.606-4*

56. Plaintiff reincorporates by reference paragraphs 19-47 from above.

57. The Plan is a group health plan within the meaning of 29 U.S.C. § 1167(1).

58. Defendant is the plan sponsor and plan administrator of the Plan and was subject to the continuation of coverage and notice requirements of COBRA.

59. Plaintiff and the other members of the Class experienced a "qualifying event" as defined by 29 U.S.C. § 1163, and Defendant was aware that they had experienced such a qualifying event.

60. On account of such qualifying event, Defendant sent Plaintiff and the Class Members a COBRA notice in the form attached hereto.

61. The COBRA notice that Defendant sent to Plaintiff and other Class Members violated 29 U.S.C. § 1166(a) and 29 C.F.R. § 2590.606-4 for the reasons set forth above (among other reasons).

62. These violations were material and willful.

63. Defendant knew that its notice was inconsistent with the Secretary of Labor's Model Notice and failed to comply with 29 U.S.C. § 1166(a) and 29 C.F.R. § 2590.606-4, but chose to use a non-compliant notice in deliberate or reckless disregard of the rights of Plaintiff and other Class Members.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the Class, pray for relief as follows:

    a. designating Plaintiff's counsel as counsel for the Class;

    b. issuing proper notice to the Class at Defendant's expense;

    c. declaring that the COBRA notice sent by Defendant to Plaintiff and other Class Members violated 29 U.S.C. § 1166(a) and 29 C.F.R. § 2590.606-4;

    d. awarding appropriate equitable relief pursuant to 29 U.S.C. § 1132(a)(3), including but not limited to an order enjoining Defendant from continuing to use its defective COBRA notice and requiring Defendant to send

        corrective notices;

e.    awarding statutory penalties to the Class pursuant to 29 U.S.C. § 1132(c)(1) and 29 C.F.R. § 2575.502c-1 in the amount of $110 per day for each Class Member who was sent a defective COBRA notice by Defendant;

f.    awarding attorneys' fees, costs and expenses to Plaintiff's counsel as provided by 29 U.S.C. § 1132(g)(1) and other applicable law; and

g.    granting such other and further relief, in law or equity, as this Court deems just and appropriate.

Dated this 4th day of February, 2020.

                                /s/ *Marc R. Edelman*
                                **MARC R. EDELMAN, ESQ.**
                                Fla. Bar No. 0096342
                                **MORGAN & MORGAN, P.A.**
                                201 N. Franklin Street, Suite 700
                                Tampa, FL 33602
                                Telephone 813-223-5505
                                Fax:  813-257-0572
                                Email: MEdelman@forthepeople.com
                                *Attorney for Plaintiff*